**Robert A. MANCUS, Petitioner–Appellant,**

v.

**THE PIERRE HOTEL and the Four Seasons Hotels and Resorts, Respondents–Appellees.**

**Docket No. 02–7106.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2002.

Antonia Kousoulas, Antonia Kousoulas & Assocs., New York, NY, for Appellant.

Judith A. Stoll, Kane Kessler, P.C., New York, NY, for Appellees.

Present JACOBS, POOLER, Circuit Judges, and BAER, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** the judgment of the district court be **AFFIRMED.**

Robert A. Mancus appeals from an order of the United States District Court for the Southern District of New York (Schwartz, *J.*) dismissing his petition on summary judgment. Mancus sought to vacate an arbitral award that sustained the termination of his employment by The Pierre Hotel ("The Pierre"). The arbitration was conducted pursuant to a collective bargaining agreement between Local 6 of the New York Hotel–Motel Trades Council, AFL–CIO (the "Union") and the Hotel Association of New York, of which The Pierre is a member. We affirm for substantially the reasons stated by the district court. *See Mancus v. The Pierre Hotel, et al.,* 00 Civ. 4484 (S.D.N.Y. Dec. 27, 2001).

This petition to vacate an arbitration award has been brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and requires a showing that the Union breached its duty of fair representation. *United Parcel Services, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). To satisfy this requirement, the Union's conduct must have been "arbitrary, discriminatory, or in bad faith" or have "seriously undermine[d] the arbitral process." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 16 (2d Cir.1993) (citations omitted). Summary judgment is appropriate where the

non-moving party has failed to establish the existence of a genuine dispute of fact as to an essential element of his claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Here, Mancus has failed to raise a genuine factual dispute as to whether the Union acted in bad faith or seriously undermined the arbitral process. Mancus points to altercations with two non-supervisory Union delegates as grounds for the Union's alleged ill-will, but he presents no factual basis for attributing the delegates' hostility to the Union. Mancus also relies on the appointment of an arbitrator who ruled against Mancus in a previous disciplinary action. But that circumstance, standing alone, does not support an inference of bad faith.

In addition, Mancus points to several tactical decisions made by his counsel in the course of the arbitration. However, none was "so egregious [or] so far short of minimum standards of fairness to the employee" as to be arbitrary or suggest bad faith. *Barr v. United Parcel Serv.,* 868 F.2d 36, 43 (2d Cir.1989) (citation and quotation marks omitted). Finally, Mancus argues that bad faith may be inferred from the failure of the union-appointed representative to convey a settlement offer to him. However, even viewing the evidence presented in the light most favorable to him, Mancus has at most shown "mere negligence"—an insufficient ground for establishing that the Union breached its duty of fair representation. *United Steel Workers of Am. v. Rawson,* 495 U.S. 362, 372–73, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990).

We have considered the appellant's other arguments and find them to be without merit.

* The Honorable Harold Baer, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.